**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

JOHN C. MUTCH, et al.,

    Plaintiffs,

vs.                                                               CASE NO.   3:04-cv-97-J-12TEM

PGA TOUR, INC.,

    Defendant.

_____

### **REPORT AND RECOMMENDATION**[1]

This case came before the Court on December 19, 2005 for a hearing on the various discovery disputes.[2] The Court heard argument of the parties. During the course of the hearing, Defendant's counsel stated Plaintiffs Joseph Terry and George Clemmer had expressed the interest directly to Defendant that they desire to withdraw from this lawsuit. No request to withdraw has been filed. The Court was also informed neither Plaintiff Terry or Plaintiff Clemmer has responded to any of Defendant's discovery requests. Plaintiffs' counsel was unable to offer explanation for the conduct of his clients, and, in fact, indicated he had been unable to contact Plaintiff Terry and Plaintiff Clemmer.

---

[1] Any party may file and serve specific, written objections hereto with TEN (10) DAYS after service of this Report and Recommendation. Failure to do so shall bar the party from a *de novo* determination by a district judge of an issue covered herein and from attacking factual findings on appeal. *See* 28 U.S.C. §636(b)(1); Fed.R.Civ.P. 72(a), 6(a) and (e); Local Rules 6.02(a) and 4.20, United States District Court for the Middle District of Florida.

[2] The non-transcribed recording of the telephonic hearing is hereby incorporated by reference. The parties may contact the Courtroom Deputy of the undersigned if a transcript of the hearing is desired.

On December 21, 2005, the undersigned issued show cause orders to Plaintiffs Terry and Clemmer (Docs. #96 & #97). Those orders directed the plaintiffs show cause why they should not be dismissed from the lawsuit for failure to prosecute. Further, those orders advised the plaintiffs that failure to respond to the show cause orders would result in the imposition of sanctions, which may include financial sanctions and the recommendation of the undersigned to the District Court Judge that they be dismissed from this action. To date, no response to either show cause order has been received by the Court.

The failure of Plaintiffs Terry and Clemmer to participate in discovery in this case, combined with the failure to respond to a direct Court order, is found to be a clear record of willful delay and disobedience. *See Sussman v. Salem, Saxon and Nielson, P.A.*, 154 F.R.D. 294, 299-301 (M.D. Fla. 1994). Accordingly, the undersigned now **RECOMMENDS Plaintiff Joseph Terry and Plaintiff George Clemmer be DISMISSED WITH PREJUDICE from the instant lawsuit.**

In making this recommendation, the undersigned is mindful that dismissal with prejudice is an extreme sanction. In this case, the Court can not credit Plaintiffs Terry and Clemmer with simple negligence in failing to respond to the show cause orders or in failing to provide the sought discovery. *See McKelvey v. AT&T Technologies, Inc.*, 789 F.2d 1518, 1520 (11th Cir. 1986); *Tweed v. Florida*, 151 Fed.Appx. 856 (11th Cir. 2005).[3] This case has been contested from the outset. Numerous discovery disputes have arisen. Plaintiffs' counsel has made numerous appearances and filed numerous documents with

---

[3] *Tweed, supra*, is cited for its persuasive authority in accordance with U.S. Ct. of App. 11th Cir. Rule 36-2, 28 U.S.C.A.

the Court. However, Plaintiffs' counsel is unable to affirm to the Court that his clients Joseph Terry and George Clemmer have even remained in contact with him throughout this litigation. In fact, Plaintiffs' counsel advised the Court that Plaintiffs Terry and Clemmer have failed to respond to his numerous efforts to "reach out" to them by telephone and in writing. In short, there is no indication that these individuals desire to pursue the suit they filed on September 15, 2003. The very inaction by these individual plaintiffs does, however, support their dismissal from this case. The undersigned finds a lesser penalty would do nothing more than unnecessarily prolong this litigation where Plaintiffs Terry and Clemmer are concerned. Thus, dismissal of Plaintiffs Terry and Clemmer under Fed. R. Civ. P. 41(b) is warranted.

**DONE AND ENTERED** at Jacksonville, Florida this  24th  day of January, 2006.

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge

Copies to all counsel of record
and *pro se* parties, if any