UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOHN C. MUTCH, etc., et al.,

     Plaintiffs,

       v.                        Case No. 3:04-cv-97-J-12TEM

PGA TOUR, INC.,

     Defendant.

---

## ORDER

This cause is before the Court on Plaintiffs' Motion for Partial Summary Judgment (Doc.75) and accompanying materials in support, filed October 7, 2005. The Defendant's response in opposition and supporting materials (Doc.78), were filed October 27, 2005. Plaintiffs' reply to the Defendant's response (Doc.92), was filed December 15, 2005. Also pending before the Court is the Defendant's motion for summary judgment and accompanying materials in support (Doc.77). The Plaintiffs' response to the Defendant's motion and supporting materials (Doc.86), were filed November 11, 2005.

The Defendant filed supplemental evidence in support of its motion for summary judgment (Doc.101) on January 16, 2006. The Plaintiffs filed a memorandum in response to the supplemental evidence (Doc.104) on January 20, 2006. On February 13, 2006, the Defendant filed a motion to strike portions of the Plaintiffs' response, or for leave to file a reply memorandum (Doc.107), to which the Plaintiffs responded in opposition (Doc.108) on February 21, 2006. The Court will deny the motion to strike and grant the motion for leave to file a reply. The reply attached to the Defendant's motion (Doc.107) will be

deemed filed and the Court has considered it, as well as all the other submissions of the parties, in ruling on the motions for summary judgment.

For the reasons set forth below, the Court finds that genuine issues of material fact preclude summary judgment on the issue of whether the Plaintiffs are exempt administrative employees through August 23, 2004. The Court also finds that the Defendant is entitled to summary judgment on the issue of Plaintiffs' exempt status after that date.

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The Court's task is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). The purpose of summary judgment is to dispose of unsupported claims or defenses which, as a matter of law, do not raise issues of material fact suitable for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

The party moving for summary judgment bears the initial burden of demonstrating to the Court "by reference to materials on file, that there is no genuine issue of material fact that should be decided at trial." Clark v. Coats & Clark, Inc., 929 F.604, 608 (11th Cir. 1991). A court "must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 149-150 (2000) (discussing standard for granting judgment as a matter of law under Fed.R.Civ.P. 50, which mirrors the standard for

granting summary judgment under Rule 56); Hinson v. Clinch County Bd. of Educ., 231 F.3d 821, 826-27 (11th Cir. 2000).   The Court considers the entire record, but must disregard all evidence favorable to the moving party that the jury is not required to believe. Reeves, 530 U.S. at 151; Hinson, 231 F.3d at 827.

Once the moving party has met its burden, the burden shifts to the non-moving party to show that there is a material issue of fact that precludes summary judgment. Clark, 929 F.2d at 608.   The non-moving party may not rest upon mere allegations or denials in the pleadings, but must set forth specific facts, through affidavits or other forms of evidence provided for by the rules. Adickes v. SH. Kress & Co., 398 U.S. 144, 157 (1970).

"[T]he inquiry is whether the evidence presents sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson, 477 U.S. at 252-52.   A genuine issue of material fact exists where there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor. Haves v. City of Miami, 52 F.3d 918, 921 (11th Cir.1995); United States v. Four Parcels of Real Property, 941 F.2d 1428, 1437 (11th Cir. 1991) (en banc).

The Plaintiffs filed this Fair Labor Standards Act (FLSA), 29 U.S.C. §201 et seq., action seeking overtime compensation.   They assert that they are entitled to summary judgment on the Defendant's liability under the FLSA, because the record demonstrates as a matter of law that the Defendant cannot meet its burden of establishing that they are exempt administrative employees.   The Defendant seeks summary judgment claiming that the record demonstrates as a matter of law that the Plaintiffs are exempt administrative employees not entitled to overtime pay under the FLSA.

The FLSA requires that employees engaged in commerce or in the production of

3

commerce be paid overtime for work in excess of forty hours a week.  29 U.S.C. §207(a)(1). However, employees working in a bona fide administrative capacity, as defined by the Secretary of Labor, are exempt from the overtime requirement.  29 U.S.C. §213(a)(1).

The parties agree that the so-called "short test" applies in this case to determine whether the Plaintiffs are exempt administrative employees through August 23, 2004.  The Court will discuss Plaintiffs entitlement to overtime compensation after that date below.

In this case, using the "short test," the Defendant employer must demonstrate that: 1) the Plaintiffs are compensated on a salary basis of not less than $250 per week; 2) the Plaintiffs' primary duty consists of the performance of office or non-manual work directly related to management policies or general business operations of the Defendant or its customers; and 3) the Plaintiffs' primary duty includes work requiring the exercise of discretion and independent judgment. 29 C.F.R. § 541.214.  The parties do not dispute that the first prong, or salary basis component, is met by the Plaintiffs in this case.

The second prong of the "short test" involves a number of inquiries the first of which is what is the employee's primary duty.  "[I]t may be taken as a good rule of thumb that primary duty means the major part, or over 50 percent, of the employee's time." 29 C.F.R. §§ 541.103, 541.206(b).  However, time alone, is not the sole test.  Id.  A job duty that is of principal importance to the employer, or other duties that are collateral to that job duty, may be considered a primary duty even though it occupies less than 50 percent of the employee's time.  Schaefer v. Indiana Michigan Power Company, 358 F.3d 394, 401 (6th Cir. 2004)(citation omitted).

In order to determine whether the employee's primary work duty is directly related

4

In order to determine whether the employee's primary work duty is directly related

to management policies or general business operations, the second prong also involves two other inquiries: 1) whether the types of activities the employee is engaged in relate to the administrative operations of the business as distinguished from production or sales; and  2) whether the employee performs work of substantial importance to the employer by directly or indirectly formulating, affecting, executing, or carrying out management policies by, for example, undertaking major assignments in conducting the operation of the business or performing work which affects business operations to a substantial degree even if related only to the operation of a particular segment of the business.   29 C.F.R. §205(a) and (c); Martin v. Cooper Electric Supply Co., 940 F.2d 896, 902 (3d Cir. 1991). The Third Circuit panel in Martin read these requirements to mean that to be exempt as an administrative employee under the FLSA, the employee's work must substantially affect the structure of the employer's business operations and management, that is, that the employees be directly or indirectly involved in the determination, administration, or implementation of the employer's management or operational policies. Id. at 906.

"The distinction §241.205(a) draws is between those employees whose primary duty is administering the business affairs of the enterprise from those whose primary duty is producing the commodity or commodities, whether goods or services, that the enterprise exists to produce and market." Dalhein v. KDFW-TV, 918 F.2d 1220, 1230 (5th Cir. 1990). "The [exempt] administrative operations of the business include the work performed by so-called white collar employees engaged in "servicing" a business, as, for example, advising the management, planning, negotiating, representing the company, purchasing, promoting sales, and business research and control." 29 C.F.R. §541.205(b).

With regard to the third prong of the "short test," "[in general, the exercise of

discretion and independent judgment involves the comparison and evaluation of possible courses of conduct and acting or making a decision after the various possibilities have been considered." 29 C.F.R. §541.207(a). "The term ... implies that the person has the authority or power to make an independent choice, free from immediate direction or supervision and with respect to matters of significance." Id.

The exercise of discretion and independent judgment must be distinguished from the use of skill. An employee who merely applies his knowledge in following prescribed procedures or determining which procedure to follow, or who determines whether specified standards are met does not satisfy the third prong of the "short test." Schaefer, 358 F.3d at 404; 29 C.F.R. §541.207(c). The discretion contemplated is "real and substantial, that is ... exercised with respect to matters of consequence" and involves "decisions normally made by persons who formulate or participate in the formulation of policy with their spheres of responsibility or who exercise authority within a wide range to commit their employer in substantial respects financially or otherwise." 29 C.F.R. §541.207(d)(1) and (2).

The Defendant employer bears the burden of proving, that its employees, the Plaintiffs, are exempt, and the provisions of the exemption must be narrowly construed against the employer. Hogan v. Allstate Insurance Company, 361 F.3d 621, 625 (11th Cir., 2004).

The Defendant's business is conducting professional golf tournaments. The Plaintiffs are Rules Officials who have a myriad of duties in conjunction with the Defendant's business, before, during, and after tournaments. The determination of whether the Plaintiffs are exempt administrative employees is necessarily a fact-intensive inquiry.

The actual day-to-day job activities of the Plaintiffs are relevant to determining whether they are exempt administrative employees under the FLSA, not the labels the Plaintiffs or the Defendant place on those duties.  See, e.g., Schaefer, 358 F.3d at 400; Reich v. Chicago Title Insurance Company, 853 F.Supp 1325, 1330-31 (D.Kan. 1994).  In determining what an employee's day-to-day job activities are, general job descriptions contained in an employee's resumes or prepared by the employer may be considered, but are not determinative, and descriptions contained in depositions and affidavits should be considered as well.  See, Schaefer, 358 F.3d at 400-401.

The Court has reviewed the voluminous submissions of the parties, which include numerous deposition excerpts, affidavits, and other documents.  The Court also heard argument of counsel on the motions for summary judgment on January 17, 2006.  The record includes descriptions of Plaintiffs' job duties in the form of deposition excerpts from numerous Plaintiffs and several Defendant management employees, as well as job descriptions prepared by the Defendant and by one of the Plaintiffs.

The Court is of the opinion that factual issues remain that should be determined by the jury at trial. A significant factual issue remains concerning what constitutes the Plaintiffs' primary job duty or duties. Questions of fact also remain regarding other aspects of the short test, such as, the extent to which Plaintiffs' duties concern the general business operations or relate to management policies as opposed to the production of the commodity or service the business offers, whether Plaintiffs service the business by representing the company or advising management, and whether the Plaintiffs exercise discretion and independent judgment, all as defined under the FLSA.  Given the high burden of the Defendant to establish that the Plaintiffs are exempt administrative

7

employees and the intense dispute concerning almost all of the relevant inquiries, the Court cannot conclude that there are no genuine factual issues for trial such that either party is entitled to judgment as a matter of law as to Plaintiffs claims for overtime compensation through August 23, 2004.

Effective August 23, 2004, an exemption for highly compensated employees went into effect under the FLSA.  Under the new exemption, employees earning in excess of $100,000.00 per year are exempt from the overtime pay requirement as long as they "customarily and regularly" perform "any one or more of the exempt duties or responsibilities of an executive, administrative or professional employee" under the FLSA. 29 C.F.R.601.

The Plaintiffs have not disputed that the new exemption applies to them as of its effective date and the record supports its application.  As a result, the Defendant's motion for summary judgment is due to be granted as to Plaintiffs' claims for overtime compensation from August 23, 2004.

Accordingly, upon review of the matter, it is

**ORDERED AND ADJUDGED**:

1       That the Defendant's motion to strike (Doc.107) is denied and its motion for leave to file a reply (Doc.107) is granted.  The reply attached to the motion (Doc.107) is deemed filed;

2.       That Plaintiffs' Motion for Partial Summary Judgment (Doc.75) is denied; and

3.       That Defendant's motion for summary judgment (Doc.77) is granted as to Plaintiffs' claims for overtime compensation from August 23, 2004, and is denied in all other respects.

**DONE AND ORDERED** this ___1st___ day of March 2006.


Howell W. Melton
Senior United States District Judge

Copies to:     Counsel of Record