UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOHN C. MUTCH, etc., et al.,

    Plaintiffs,

v.                                                      Case No. 3:04-cv-97-J-12TEM

PGA TOUR, INC.,

    Defendant.

## ORDER

This cause is before the Court on "Plaintiffs' Motion ... for Partial Reconsideration..." (Doc.112), filed March 17, 2006. The Defendant's memorandum in opposition (Doc.113) was filed April 3, 2006. On April 10, 2006, the Plaintiffs' filed a motion seeking leave to file a reply to the Defendant's response (Doc.114), which the Court will deny.

The Plaintiffs ask the Court to reconsider the portion of its March 1, 2006, Order (Doc.109) granting in part Defendant's motion for summary judgment. The portion of that Order at issue states:

> Effective August 23, 2004, an exemption for highly compensated employees went into effect under the FLSA. Under the new exemption, employees earning in excess of $100,000.00 per year are exempt from the overtime pay requirement as long as they "customarily and regularly" perform "any one or more of the exempt duties or responsibilities of an executive, administrative or professional employee" under the FLSA. 29 C.F.R.601.
> The Plaintiffs have not disputed that the new exemption applies to them as of its effective date and the record supports its application. As a result, the Defendant's motion for summary judgment is due to be granted as to Plaintiffs' claims for overtime compensation from August 23, 2004.

Plaintiffs assert that they did dispute the application of the new exemption to them on page 18, n.10 of their response in opposition to the Defendant's motion for summary judgment (Doc.86). In that footnote, the Plaintiffs claim that the new regulations are not retroactive and do not apply to cases filed before their effective date, that is, cases filed before August 23, 2004, citing several cases.

The Court finds that the Plaintiffs have correctly pointed out that they did indeed dispute the applicability of the new regulations to their claims for overtime compensation after August 23, 2004. Nevertheless, the Court also is of the opinion that while the new regulations are not retroactive, they apply to claims for overtime compensation as of their effective date, and as stated in the Court's Order (Doc.109), the record supports the application of the new exemption for highly compensated employees in this case. Based on the authority cited by the Plaintiffs, which are not holdings made after discussion and analysis of disputed issues, but passing references to presumably undisputed applicable law, the Court cannot find as a matter of law, as would be required by adopting Plaintiffs' position, that because these Plaintiffs filed a lawsuit before the effective date of the new regulations, the new regulations are not applicable to them until the conclusion of their lawsuit.

As a result, the Court will amend the portion of its Order (Doc.109) quoted above to state:

> Effective August 23, 2004, an exemption for highly compensated employees went into effect under the FLSA. Under the new exemption, employees earning in excess of $100,000.00 per year are exempt from the overtime pay requirement as long as they "customarily and regularly" perform "any one or more of the exempt duties or responsibilities of an executive, administrative or professional employee" under the FLSA. 29 C.F.R.601.

> *The Court finds that the new exemption applies to them as of its effective date and the record supports its application.* As a result, the Defendant's motion for summary judgment is due to be granted as to Plaintiffs' claims for overtime compensation from August 23, 2004.

(Change to Court's Order (Doc.109) in italics.)

Accordingly, it is

**ORDERED AND ADJUDGED:**

1. That the Plaintiffs' motion seeking leave to file a reply to the Defendant's response (Doc.114) is denied; and

2. That the "Plaintiffs' Motion ... for Partial Reconsideration..." (Doc.112) is granted in part and denied in part as set forth in this Order and the Court's Order (Doc.109) is amended as set forth in this Order.

**DONE AND ORDERED** this 12TH day of April 2006.

Howell W. Melton
Senior United States District Judge

Copies to:
Counsel of Record