UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FILED IN OPEN COURT
10-25-06
CLERK, U. S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

| | |
|---|---|
| JOHN C. MUTCH, et al., | ) |
| Plaintiffs, | ) |
| v. | ) CASE NO. 3:04-cv-97-J-25TEM |
| | ) Judge Henry L. Adams, Jr. |
| PGA TOUR, INC., | ) |
| | ) Magistrate Thomas E. Morris |
| Defendant. | ) |

## COURT'S INSTRUCTIONS TO THE JURY

Members of the Jury:

I will now explain to you the rules of law that you must follow and apply in deciding this case.

When I have finished you will go to the jury room and begin your discussions - - what we call your deliberations.

## Jury Instruction Number 1

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for any of the acts and statements of its employees that are made within the scope of their duties as employees of the company.

In your deliberations you should consider only the evidence - - that is, the testimony of the witnesses, the exhibits I have admitted in the record, and any facts the parties agree or stipulate to or that I may instruct you to take as true. As you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case. And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts. It is your own recollection and interpretation of the evidence that controls.

## Jury Instruction Number 2

Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must <u>accept</u> all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness' testimony differ from other testimony or other evidence?

## Jury Instruction Number 3

In deciding the facts of this case, you are not to consider the following as evidence: statements and arguments of counsel, questions and objections of the lawyers, testimony that I instruct you to disregard, and anything you may see or hear when the Court is not in session even if what you see or hear is done or said by one of the parties.

## Jury Instruction Number 4

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

## Jury Instruction Number 5

It is the duty of the attorneys on each side of the case to object when the other side offers testimony or other evidence which the attorneys believe is not properly admissible. You should not show prejudice against an attorney or his or her client because the attorney makes objections. By allowing testimony or other evidence to be introduced over the objection of an attorney, the Court does not, unless expressly stated, indicate any opinion as to the weight or effect of such evidence.

When I have sustained an objection to a question addressed to a witness, you must disregard the question entirely, and may draw no inference from the wording of it, nor should you speculate as to what the witness would have said if he or she had been permitted to answer the question.

## Jury Instruction Number 6

Certain testimony has been read into evidence from the written transcripts or videos of depositions of witnesses who could not appear at trial. A deposition is testimony taken under oath prior to the trial and preserved in writing. You are to consider that testimony in the same way as if it had been given here in court.

## Jury Instruction Number 7

In this case each party asserting a claim or a defense has the responsibility to prove every essential part of the claim or defense by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that a claim or contention is more likely true than not true.

When more than one claim is involved, and when more than one defense is asserted, you should consider each claim and each defense separately; but in deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence you should find against the party making that claim or contention.

## Jury Instruction Number 8

This case arises under the Fair Labor Standards Act (FLSA), the federal law that provides for the payment of time-and-a-half overtime pay. The Plaintiff claims that the Defendant did not pay the Plaintiff the overtime pay required by law.

In order to prevail on this claim, the Plaintiff must prove each of the following facts by a preponderance of the evidence:

First: That the Plaintiffs were employed by the Defendant during the time period involved;

Second: That the Plaintiffs were employees engaged in commerce or in the production of goods for commerce or employed by an enterprise engaged in commerce or in the production of goods for commerce; and

Third: That the Defendant failed to pay Plaintiffs the overtime pay required by law.

The parties have stipulated or agreed to these facts -- that Plaintiffs were employed by the Defendant during the time period involved; that Plaintiffs were engaged in commerce or in the production of goods for commerce or employed by an enterprise engaged in commerce or in the production of goods for commerce; and that Defendant did not pay Plaintiffs overtime pay -- and you should consider them as established.

The Defendant claims that they are not required by law to pay overtime pay because of an exemption under the FLSA. The particular exemption claimed by the Defendant is the administrative exemption.

The only issue in dispute is whether Defendant has established an exemption under the

FLSA. If you find that the Defendant has established an exemption, it is not required by law to pay overtime pay.

In order to receive the benefit of this exemption, the Defendant has the burden of proving by a preponderance of the evidence:

First: The Plaintiffs are compensated on a salary or fee basis at a rate not less than $250 per week;

Second: The Plaintiffs' primary duty consists of the performance of office or non-manual work directly related to management policies or general business operations of the Defendant or the Defendant's customers; and

Third: The Plaintiffs' primary duty includes work requiring the exercise of discretion and independent judgment with respect to matters of significance.

The parties have stipulated or agreed to the first fact -- that Plaintiffs are compensated on a salary basis at a rate not less than $250 per week -- and you should consider it as established.

In the verdict form that I will explain in a moment, you will be asked to answer a series of questions concerning the disputed factual issue. If you find that the Defendant has failed to establish an exemption, then your verdict must be for the Plaintiff.

## Jury Instruction Number 9

It is the actual day-to-day job activities of the Plaintiffs that determine whether they are exempt administrative employees under the FLSA, not the labels the Plaintiffs or Defendant place on those duties.

## Jury Instruction Number 10

Any verdict you reach in the jury room must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges - - judges of the facts. Your only interest is to seek the truth from the evidence in the case.

## Jury Instruction Number 11

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

[Explain verdict]

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.